STATE OF NEBRASKA EX REL.
CHARLES E. SCHULER, APPELLANT, V.
BOARD OF COUNTY COMMISSIONERS
OF LOUP COUNTY, NEBRASKA, ET AL., APPELLEES.

316 N.W.2d 302

Filed February 19, 1982. Nos. 43734, 43735.

George Rhodes for appellant.

Joseph M. Casson for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

Relator, a resident and taxpayer of Loup County, Nebraska, brought an action in the District Court for Loup County under the authority of Neb. Rev. Stat. §§ 23-336 and 23-337 (Reissue 1977) to recover from the respondents, the three elected commissioners of Loup County, certain amounts of money spent for gravel for road purposes for the 1979-80 budget year. The trial court found that the respondents had not violated the competitive bid statutes by splitting purchases into amounts less than the amount for which competitive bids are required, and dismissed the relator's petition. Relator appeals. We affirm.

The evidence indicates that Loup County has no road overseer. Instead, the responsibility for the maintenance of the roads is assumed by each of the three commissioners in his own district. Each commissioner, on being informed by the road maintenance operator or by a member of the public, orders from a gravel supplier nearest the road for which the gravel is needed. In no case did an individual order exceed $5,000, although the total county expenditure exceeded $15,000 in each of the budget years. Claims for the orders were often combined and submitted together and audited and paid together.

Neb. Rev. Stat. § 39-1406 (Reissue 1978) provides in part: "Before the county board of any county shall make any contract to purchase any materials or supplies for county road purposes, the cost of which shall exceed the sum of five thousand dollars, except in cases of an emergency nature, such boards shall advertise for bids and award such contract at a public letting."

It is the respondents' contention that the purchases of gravel are not governed by the preceding section but by the $10,000 limitation in Neb. Rev. Stat. § 39-810 (Reissue 1978).

In the view we take of the case, it is not necessary to decide that question.

The determination by the trial court that the individual orders for gravel constituted separate contracts not exceeding the statutory limit is supported by the evidence and, as such, is binding on us in this law action. See *Capital Bridge Co. v. County of Saunders*, 164 Neb. 304, 83 N.W.2d 18 (1957).

Relator's suggestion that the procedure. followed by the commissioners violated the spirit of the bid law, if not its letter, is better addressed to the Legislature rather than the courts, as are his allegations that the commissioners exercised preferences in the purchase of county supplies.

AFFIRMED.